ORDERED.

Dated: July 18, 2012



*Eileen W. Hollowell, Bankruptcy Judge*
_____

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>REID PARK PROPERTIES LIMITED LIABILITY COMPANY,<br><br>Debtor. | Chapter 11<br><br>No. 4:11-bk-15267-EWH<br><br>**MEMORANDUM DECISION** |

    Before the court is a dispute between the Debtor and creditors over classification of two promissory notes in the Fourth Amended and Modified Plan of Reorganization (the "Plan") (ECF No. 224). For the reasons explained below, the classification of both notes in the same class violates the requirements of §§ 1122 and 1123.[1]

## JURISDICTION

    This court has jurisdiction over this core proceeding. 28 U.S.C. §§ 1334 and 157(b)(2)(L).

## ISSUE

    Whether Debtor's Plan may classify two promissory notes in the same class.

---

[1] Unless otherwise specified, all references to statutory sections and rules refer to 11 U.S.C. Title 11 and the Federal Rules of Bankruptcy Procedure.

# FACTS

In March 2007, Debtor purchased the Doubletree Hotel Tucson at Reid Park (the "Hotel"), financed by two loans. Both loans were made by Wachovia Bank. The first loan had a principal balance of $27,500,000 and the second loan had a principal balance of $3,783,300. The loans were documented by two promissory notes--Note A and Note B (the "Notes). Both Notes are dated March 27, 2007. The Notes provide that Note B "SHALL AT ALL TIMES BE JUNIOR, SUBJECT AND SUBORDINATE TO . . . THE A LOAN" (Trial Exs. 7 and 8). One Deed of Trust on the Hotel, also dated March 27, 2007, secures the Notes.

Shortly thereafter, Note A was transferred and assigned to a CMBS securitization pool and WBCMT 2007-C31 South Alvernon Way, LLC ("WBCMT") became the holder. Note B was not assigned to a CMBS securitization pool, but was instead sold to Arbor Realty Funding LLC ("Arbor") on March 28, 2007. Also, on March 28, 2007, WBCMT and Arbor executed an intercreditor agreement (the "Intercreditor Agreement"). The Intercreditor Agreement gave WBCMT authority to administer both loans. Debtor was not a party to the Intercreditor Agreement.

In August, 2010, Debtor stopped making payments of both loans. WBCMT sent a notification of default to Debtor on March 25, 2011. Debtor filed for bankruptcy under Chapter 11 on May 26, 2011. Debtor listed the Notes separately on Schedule D and classified them separately in the first plan of reorganization (ECF No. 4).

On August 10, 2011, the Court determined the Hotel's value to be $17 million (ECF No. 119). On August 15, 2011, WBCMT filed a proof of claim for Note A for $33,738,642.84 (Claim 15-2) and a second claim for Note B on behalf of Arbor for $5,521,894.65 (Claim 16-1).

On February 20, 2012, the Debtor filed its Plan, which classifies the claims of WBCMT and Arbor in Class 5 (ECF No. 224). Class 5 treats the Notes together and provides two alternate treatments. If the § 1111(b) election is not made, the Class 5 claim, consisting of the allowed amounts of Note A and Note B, will be bifurcated into a secured claim of $17 million,

2

Case 4:11-bk-15267-EWH    Doc 336    Filed 07/18/12    Entered 07/18/12 16:46:29    Desc
Main Document - Amended Chapter 11 Plan    Page 2 of 5

with the balance treated as an unsecured deficiency Class 6 claim. If the § 1111(b) election is made, then Class 5 claimants will be given a new note in the principal amount of $32,657,121.99 payable over approximately 26 years, with the first 3 years being interest only.[2]

The Court held non-consecutive contested evidentiary confirmation hearings between April 3 and May 30, 2012. At the conclusion of the evidence, the Court requested that the parties submit closing briefs on the contested issues. The parties elected to file simultaneous briefs on the classification of the Notes (ECF Nos. 332 and 333), by June 25th and briefs on the remaining issues by August 13, 2012. The June 25th briefs have been timely filed and the parties have informed the court that the determination of the classification issue will affect the parties' August 13th briefs. Accordingly, the court has issued this Memorandum Decision separately from any later decision on confirmation.

## **DISCUSSION**

Based on a totality of the evidence including the Court's independent review of the terms of Note A and Note B, the claims of WBCMT and Arbor are separate claims under § 101(5)(A). The claims are separate claims because each party holds a separate note with different payments amounts. The fact that Note A and Note B are both secured by the Hotel does not change that result. Nor does the fact that the Debtor was not a party to the Intercreditor Agreement change the result. In any event, because Note A and Note B provide for the same subordination of Note B as the Intercreditor Agreement, the Debtor was on notice that Note B was subordinate to Note A. Furthermore, the Debtor's principal acknowledged at the evidentiary hearing that at least, on some occasions, the Debtor made separate payments on Note A and Note B.

Because WBCMT's claim and Arbor's claim are separate claims, they can only be classified in the same class if they are substantially similar. § 1122(a). Here, based on the

---

[2] Debtor asserts that Class 5 cannot make the § 1111(b) election because only the holder of Note A timely made the election and, therefore, because not more than one-half of the class made the election, § 1111(b)(1)(A)(i) has not been satisfied.

value of the Hotel, WBCMT's claim is partially secured and Arbor's claim is completely unsecured. The claims therefore are not substantially similar and cannot be classified together. Even if the claims were substantially similar, the claims are not provided the same treatment because WBCMT's claim is treated as a partially secured while Arbor's claim is wholly unsecured. Such disparate treatment violates § 1123(a)(4).

Separate classification of WBCMT's deficiency claim and Arbor's wholly unsecured claim as Class 6 claims instead of as Class 16 general unsecured claims is not justified just because both claims are guaranteed by Debtor's principal, Michael Hanson ("Guarantor"). Unlike the facts of In re Loop 76, 442 B. R. 713 (Bankr D.Ariz. 2011) and In Re Red Mountain Machinery Co., 448 B. R. 1 (Bankr. D.Ariz. 2011), here, the Guarantor is insolvent and a individual chapter 11 debtor (Case No. 4:-11-bk-03553). Accordingly, there is no basis to assume that WBCMT or Arbor have another viable source of repayment for their unsecured claims.

This ruling does not preclude the Debtor from making a non-adverse modification to the Plan to address this ruling but such modification must be filed by August 8, 2012. This ruling also permits WBCMT, pursuant to the parties' stipulation, to make the § 1111(b) election for its Note A claim. Because that election will affect any Plan modification and, notwithstanding the parties' stipulation giving WBCMT two weeks to make the election, WBCMT must make the election by July 31, 2012.

The foregoing constitutes the Court's findings of fact and conclusions of law as required by Rule 7052. A separate order will issue this date.

DATED AND SIGNED ABOVE.

COPIES to be sent by the Bankruptcy Noticing Center ("BNC") to the following:

Eric Slocum Sparks, Attorney for Debtor
Alan R. Costello, Attorney for TCF Equipment Finance, Inc.
Nancy J. March, Attorney for Hilton Worldwide, Inc.
Larry E. Kelly, Attorney for Hilton Worldwide, Inc.
Blake Ashley, Attorney for City of Tucson
James Kneller, Attorney for Southwest Gas corp.
Terry P. Esser, Attorney for Lloyd Construction, Inc.
Robert M. Charles, Attorney for HSL Properties, Inc.
Alan M. Levinsky, Attorney for Ford Motor Creditor Company
Office of the U.S. Trustee